IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Anthony Gene Trappier,<br><br>PETITIONER<br><br>v.<br><br>United States of America,<br><br>RESPONDENT | Crim No. 4:09-cr-00340-TLW<br>C/A No. 4:12-cv-03313-TLW<br><br>**Order** |

This matter comes before the Court for consideration of the *pro se* motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Anthony Gene Trappier. For the reasons stated below, the Court dismisses the petition.

## I.     Factual and Procedural History

On March 24, 2009, Petitioner was indicted on six drug and firearm counts. He was arraigned on April 14, 2009 and entered a plea of not guilty. At the arraignment, he was represented by his retained counsel.

On September 28, 2009, Petitioner filed a suppression motion, ECF No. 48, which was denied on January 5, 2010 after a hearing, ECF No. 67.

On February 9, 2010, the Government filed an Information pursuant to 21 U.S.C. § 851, notifying Petitioner that he was subject to enhanced penalties based on his prior convictions. ECF No. 80.

On March 11, 2010, Petitioner entered into a plea agreement with the Government. ECF No. 85. The plea agreement reflected that he was subject to a maximum sentence of life imprisonment. *Id.* at 2. On March 24, 2010, he pled guilty to Counts 1 and 5 of the Indictment,

1

which charged him with Conspiracy to Possess With Intent to Distribute and Distribution of 100 Grams or More of Heroin (Count 1) and Possession of a Firearm in Furtherance of a Drug Trafficking Crime (Count 5). When he pled guilty, he was under the impression that he would not be sentenced as a career offender, having been informed by his lawyer that it did not appear that he would be classified as a career offender. However, during the plea colloquy, the Court reviewed the maximum penalty—life imprisonment—with him,[1] that the sentencing guideline calculation would not be done until after the plea, that the sentence imposed may be different from any estimate he received from his lawyer, and that he would not have the right to withdraw his plea if the sentence imposed was more severe than he expected. ECF No. 112 at 10–11, 13, 17–19. After hearing and acknowledging this information, he stated that he wished to plead guilty, and the Court accepted the plea. *Id.* at 27–28.

After receiving the Presentence Investigation Report and learning that he was classified as a career offender for sentencing purposes, resulting in a guideline range of 322 to 387 months, Petitioner filed a motion to withdraw his plea. ECF No. 97. On August 26, 2010, the Court denied Petitioner's motion to withdraw his plea and sentenced him to a total of 322 months imprisonment, followed by an 8-year term of supervised release.[2] Judgment was entered on August 31, 2010. ECF No. 103.

Petitioner timely filed a direct appeal, and he requested and was appointed new counsel by the Fourth Circuit. ECF Nos. 100, 106. He argued on appeal that his plea was involuntary because the Court did not inform him that he might qualify as a career offender and that the

---

[1] The Court informed him that on the drug charge, the mandatory minimum was ten years, with a maximum of life imprisonment, and on the gun charge, the mandatory minimum was five years, with a maximum of life imprisonment.

[2] The prison term consisted of 262 months on Count 1 and 60 months on Count 5 (consecutive), and the supervision term consisted of 8 years on Count 1 and 5 years on Count 5 (concurrent).

Court erred in denying his suppression motion. The Fourth Circuit affirmed, rejecting his argument that his plea was involuntary and concluding that this Court did not err in denying his suppression motion. *United States v. Trappier*, 447 F. App'x 463, 465–66 (4th Cir. 2011) (unpublished).[3] The mandate was issued on November 28, 2011. ECF No. 138.

On or about November 16, 2012, Petitioner timely filed this § 2255 petition, setting forth nine grounds for relief, all of which involved a claim of ineffective assistance of counsel. ECF No. 140. On December 18, 2012, he filed a motion to amend his petition to assert a tenth ground for relief, which also involved a claim of ineffective assistance of counsel. ECF No. 148.[4] On January 24, 2013, the Government filed a Motion for Summary Judgment. ECF No. 149. On March 25, 2013, Petitioner filed a response to the summary judgment motion. ECF No. 154. On February 7, 2014, he submitted a motion to file an amended response to the summary judgment motion and assert an additional ineffective assistance claim. ECF No. 158.

This matter is now ripe for decision.

## II.     28 U.S.C. § 2255

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under sentence of a federal court may file a motion in the court that imposed the sentence to vacate, set aside, or correct the sentence. A petitioner is entitled to relief under § 2255 if he proves by a preponderance of the evidence one of the following: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without

---

[3] He also sought permission to file a *pro se* supplemental brief to raise an ineffective assistance of counsel argument, but the Fourth Circuit denied his request, concluding that counsel's alleged ineffectiveness did not conclusively appear on the record. *Trappier*, 447 F. App'x at 466 n.*.

[4] That motion is **GRANTED**, and the Court will consider all ten grounds asserted.

jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam). "The scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" *Leano v. United States*, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting *United States v. Mikalajunas*, 186 F.3d 490, 495–96 (4th Cir. 1999)).

In deciding a § 2255 motion, a court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's *pro se* filings, and finds that no hearing is necessary.

## III.   Standard of Review

Petitioner brings this motion *pro se*. Courts are required to construe liberally pleadings filed by *pro se* litigants to allow for the development of potentially meritorious claims. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). These pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, "[t]he 'special judicial solicitude' with which a district court should view such *pro se* complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

The Government filed a motion for summary judgment. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  At the summary judgment stage, the Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Anderson v. Liberty Lobby Inc.,* 447 U.S. 242, 255 (1986).

## IV. Discussion

As noted above, Petitioner asserts ten grounds for relief in his § 2255 petition.  These grounds are, verbatim, as follows:

(1) Counsel was ineffective for misleading his client to enter an involuntary plea agreement, after the arraignment proceedings, when the district court and the government failed to render an indictment or information alleging a crime against the United States, eliminating federal subject matter jurisdiction.

ECF No. 140-2 at 1.

(2) Counsel was ineffective for failing to make a prompt investigation and raise issues requested by the Plaintiff of the fraudulent DEU Reports and Warrantless Arrest/Search of October 8, October 16, 2008 and the 'search incident to arrest' of October 16, 2008 that led to an Indictment on false allegations.

ECF No. 140-3 at 1 (underlining in original).

(3) Counsel was ineffective for failing to raise issues during the Motion to Suppress and inform the court that the evidence should be suppressed based on false reports prepared by DEU which are in violation of Title 18 U.S.C. § 1001 and 18 U.S.C. § 1018.

ECF No. 140-4 at 1.

(4) Counsel was ineffective for failing to request the court to impeach the perjury testimonies of DEU Agent Curry and Agent Thomason during the Suppression Hearing on January 5, 2010.

ECF No. 140-5 at 1.

(5) Counsel was ineffective for failing to enforce the "Disclosure Order" dated April 9, 2009 which violated the Plaintiff's right to confront his accusers under the 5th Amendment.

ECF No. 140-6 at 1.

(6)   Counsel was ineffective for failing to request the court to "Dismiss the Indictment" based on fraudulent DEU Reports, fabricated material with perjury testimonies.

ECF No. 140-7 at 1.

(7)   Counsel was ineffective for failing to comply with the discovery procedures, by motioning the Court to withdraw the "Motion to Compel" the evidence filed 8/3/09, in an attempt to conspire with the Government to withhold *Brady/Giglio* material, which is a violation of the Plaintiff's 5th and 6th Amendments to the United States Constitution.

ECF No. 140-8 at 1.

(8)   Counsel was ineffective for conspiring with the government to obtain unnecessary continuations and failing to file a "Motion to Dismiss" based on violating the 70-day time limit of the Speedy Trial Act.

ECF No. 140-9 at 1.

(9)   Counsel was ineffective for misadvising his client to enter an unknowing and involuntary plea agreement and misadvising the Plaintiff about the consequences of said agreement in violation of Rule 11.

ECF No. 140-10 at 1.

(10)  Counsel was ineffective for inducing the Plaintiff to plea to a conspiracy offense, creating a conflict of interest, knowing that the government would not be able to sustain its burden of proof.

ECF No. 148-1 at 1.

To prevail on an ineffective assistance of counsel claim, Petitioner must show (1) that counsel's acts or omissions fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's errors, he would not have pled guilty. *See Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984); *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988). Failure of proof on either prong ends the matter. *United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 2004).

### A.     Grounds 1, 9, and 10

Grounds 1, 9, and 10 all involve allegations regarding the voluntariness of Petitioner's plea based on him not knowing that he might be sentenced as a career offender. This issue has already been raised to and ruled on by the Fourth Circuit. Issues raised and ruled on in direct appeal cannot be raised in a § 2255 petition. *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013).

Furthermore, even if this issue had not previously been raised to and ruled on in direct appeal, he would not be entitled to relief on the merits. In *United States v. Hamilton*, 510 F.3d 1209 (10th Cir. 2007), the defendant was sentenced as a career offender to 322 months on drug and gun charges. *Hamilton*, 510 F.3d at 1212–13. On direct appeal, he challenged the voluntariness of his plea based on his counsel not informing him that he could be sentenced as a career offender and assuring him that the court would likely impose a sentence at the mandatory minimum on both counts, resulting in a total sentence of 15 years. *See id.* at 1215–16. However, the Tenth Circuit concluded that he could not show prejudice as a result of counsel's erroneous advice because the district court went through the proper Rule 11 colloquy, informing him that the sentencing judge determined the sentence, that he might receive a greater sentence than he expected, and that the maximum penalty was life. *See id.* at 1216.

This case presents virtually the identical factual scenario. Just like the defendant in *Hamilton*, Petitioner was sentenced as a career offender to 322 months on drug and gun charges after his counsel told him that he did not think he would be sentenced as a career offender. This Court is persuaded by the Tenth Circuit's well-reasoned opinion and concludes that, because the Court went through a proper Rule 11 colloquy with Petitioner, including informing him that he faced a potential life sentence on both charges, he cannot establish that he was prejudiced by his

7

counsel's erroneous advice. Additionally, as the Fourth Circuit noted in its opinion in his direct appeal, Rule 11 does not require courts to inform defendants of the applicable guideline sentencing ranges. *Trappier*, 447 F. App'x at 465 (citing *United States v. Hairston*, 522 F.3d 336, 340 (4th Cir. 2008)). Accordingly, he is not entitled to relief on these grounds.

### B.     Grounds 2, 3, and 4

Grounds 2, 3, and 4 all involve issues regarding alleged inconsistencies and false statements from two agents who were involved in Petitioner's arrests. Specifically, he argues that counsel was ineffective in not properly presenting his argument on these issues during the suppression hearing. To the contrary, counsel filed a well-briefed suppression motion, effectively cross-examined the Government's witnesses, and persuasively argued on Petitioner's behalf. Counsel's efforts were sufficient to meet *Strickland*'s bar. Furthermore, the Court's ruling on the suppression motion was reviewed and affirmed on direct appeal. Accordingly, Petitioner is not entitled to relief on these grounds. *See Strickland*, 466 U.S. at 687–88, 694; *Dyess*, 730 F.3d at 360.

### C.     Grounds 5 and 7

Grounds 5 and 7 involve allegations that counsel was ineffective in not obtaining discovery material. Specifically, Petitioner alleges that counsel failed to enforce the disclosure order regarding the grand jury and improperly withdrew the motions to compel that he had filed. In counsel's affidavit, he states that he received the discovery he requested and has no reason to believe that the Government withheld any evidence. ECF No. 149-2 at 4. As Petitioner has not alleged with any specificity what documents he believes were not provided that should have been, the Court concludes that he is not entitled to relief on these grounds.

### D.   Ground 6

Ground 6 is related to Grounds 2–4 and alleges that counsel was ineffective in failing to move to dismiss the Indictment based on alleged inconsistencies and false statements from two agents who were involved in Petitioner's arrests. These alleged inconsistencies and false statements primarily involve the basis for a traffic stop where he was arrested and his actions during a drug sale to a confidential informant. While these may have provided fodder for cross-examination at trial, they would have provided no basis to dismiss the Indictment. Additionally, he recognized that by pleading guilty, he was giving up his right to cross-examine his accusers. ECF No. 112 at 14–15. Accordingly, he is not entitled to relief on this ground.

### E.   Ground 7

Ground 7 alleges that counsel was ineffective in obtaining too many continuances and failing to move to dismiss the Indictment under the Speedy Trial Act. There is no merit to this argument, as Petitioner signed every order consenting to the continuance, and for each continuance, the pretrial court found that the ends of justice outweighed the interests of Petitioner and the public in a speedy trial. ECF Nos. 27, 31, 37, 46, 52, 61, 68, 82. Accordingly, he is not entitled to relief on this ground.

### F.   Other motions

Petitioner has also filed several other motions.

He filed a Motion for Inspection of Grand Jury Minutes in which he seeks permission to inspect the minutes of the grand jury or for particulars as to the evidence that was presented to the grand jury. ECF No. 141. He has not set forth sufficient grounds to permit inspection of the grand jury minutes under Rule 6 of the Federal Rules of Criminal Procedure and has not shown

that his need for disclosure outweighs the societal need for secrecy in grand jury proceedings. *See Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. 211, 223 (1979) ("[D]isclosure is appropriate only in those cases where the need for it outweighs the public interest in secrecy, and that the burden of demonstrating this balance rests upon the private party seeking disclosure."). Accordingly, this motion is **DENIED**.

Additionally, Petitioner filed a Motion to Reverse the Conviction and Dismiss the Indictment. ECF No. 142. "[C]ourts may not 'look behind' grand jury indictments if 'returned by a legally constituted and unbiased grand jury . . . .'" *United States v. Mills*, 995 F.2d 480, 487 (4th Cir. 1993) (quoting *Costello v. United States*, 350 U.S. 359, 363 (1956)). Petitioner has not set forth sufficient grounds to reverse his conviction and dismiss the Indictment, and accordingly, this motion is also **DENIED**.

Finally, Petitioner filed a Motion to Amend Pursuant to Fed. R. Civ. P. 15(c) and (d). ECF No. 158. In this motion, in addition to rehashing the arguments already presented in his § 2255 petition and in his response to the summary judgment motion, he also challenged the validity and applicability of the predicate convictions that supported his career offender designation. *See id.* at 77–91. This issue is entirely distinct from the issues raised in the ten grounds previously discussed. Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), § 2255 petitions have a one-year statute of limitations. He filed his motion well-beyond the statute of limitations and it does not relate back to the original § 2255 petition merely because the new claim arises out of the same plea and sentencing proceedings. *See United States v. Pittman*, 209 F.3d 314, 318 (4th Cir. 2000); *see also United States v. Duffus*, 174 F.3d 333, 337–38 (3d Cir. 1999) ("We reiterate that if the court permitted the amendment [to assert an untimely ineffective assistance claim] it would have acted contrary to the policy of the

AEDPA, which requires courts to measure the running of the limitations periods from the date on which the judgment of conviction becomes final."). Accordingly, this motion is **DENIED**.

## V.     Conclusion

For the reasons stated, the Government's Motion for Summary Judgment, ECF No. 149, is **GRANTED** and Petitioner's motion for relief pursuant to § 2255, ECF No. 140, is **DENIED**. Additionally, his Motion for Inspection of Grand Jury Minutes, ECF No. 141, Motion to Reverse the Conviction and Dismiss the Indictment, ECF No. 142, and Motion to Amend Pursuant to Fed. R. Civ. P. 15(c) and (d), ECF No. 158, are all **DENIED**. This action is hereby **DISMISSED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised in this petition. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

October 21, 2014
Columbia, South Carolina