IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Anthony Gene Trappier,<br><br>    PETITIONER<br><br>    v.<br><br>United States of America,<br><br>    RESPONDENT | Crim. No. 4:09-cr-00340-TLW-1<br>C/A No. 4:12-cv-03313-TLW<br><br><br>**Order** |

    Before the Court is Petitioner Anthony Gene Trappier's motion for reconsideration of the Court's order denying Petitioner's § 2255 petition. The Court has carefully reviewed his motion and concludes that he has not set forth sufficient grounds to cause the Court to alter or amend its prior order.

    A Rule 59(e) motion may only be granted "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. It is an extraordinary remedy that should be applied sparingly." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (citations omitted).

    Petitioner raises two grounds for relief: (1) that the Court's decision on his involuntary plea arguments was based on an error of law; (2) the Court misconstrued his motion to amend and misapplied the standard of review.

    Regarding Petitioner's first ground for relief, as the Court noted in its order denying his § 2255 petition, the issue of the voluntariness of his plea was raised to and ruled on by the Fourth Circuit, and issues raised and ruled on in direct appeal cannot be raised in a § 2255 petition. *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013). Additionally, as the Court noted in the original

1

order, he would not be entitled to relief on the merits because the Court went through a proper Rule 11 colloquy with him, so he cannot establish that he was prejudiced by counsel's erroneous advice regarding the career offender enhancement.

Regarding Petitioner's second ground for relief, the issue of his predicate convictions was not raised in his initial § 2255 petition and was instead raised for the first time in his motion to amend.  The fact that he brings it under the gloss of ineffective assistance of counsel (which was the primary argument in his petition) does not change the analysis because the issue of predicate convictions is an entirely distinct issue from the other issues raised in his petition.  Furthermore, he would not be entitled to relief on the merits.  He cites the panel decision in *Whiteside v. United States*, 748 F.3d 541 (4th Cir. 2014), but that panel decision was vacated, and the full court reached the opposite conclusion.  *Whiteside v. United States*, 775 F.3d 180 (4th Cir. 2014) (en banc). Additionally, the Fourth Circuit has recently concluded that erroneous application of the sentencing guidelines, including a career offender designation, is not cognizable on collateral review pursuant to § 2255.  *See United States v. Foote*, 784 F.3d 931, 936 (4th Cir. 2015).

For the reasons stated, the Court concludes that Petitioner has not set forth sufficient grounds to cause the Court to alter or amend its prior order.  Therefore, his motion for reconsideration, ECF No. 167, is **DENIED**.

  **IT IS SO ORDERED**.

            *s/ Terry L. Wooten*
            Terry L. Wooten
            Chief United States District Judge

December 11, 2015
Columbia, South Carolina