IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Anthony Gene Trappier, <br><br> PETITIONER <br><br> v. <br><br> United States of America, <br><br> RESPONDENT | Crim. No. 4:09-cr-00340-TLW-1 <br> C/A No. 4:17-cv-01049-TLW <br><br><br> **Order** |

This matter comes before the Court for consideration of the motions filed by Petitioner Anthony Gene Trappier entitled "Motion Pursuant to Rule 60(b)(2) and 60(b)(6)," ECF No. 188, and "Motion Pursuant to Rule 60(b)(6)," ECF No. 189. Because these filings challenge his underlying conviction and sentence, the Court construes them as petitions for relief pursuant to 28 U.S.C. § 2255. For the reasons stated below, the Court dismisses the petitions.

## I.  Factual and Procedural History

Petitioner pled guilty to charges of drug conspiracy and possession of a firearm in furtherance of a drug trafficking crime, and the Court sentenced him as a career offender to 262 months on the drug charge and 60 months consecutive on the gun charge. He filed a direct appeal, but the Fourth Circuit affirmed. *United States v. Trappier*, 447 F. App'x 463 (4th Cir. 2011).

Petitioner then filed a § 2255 petition, which the Court denied on the merits after briefing. ECF Nos. 140, 162. After the Court denied his motion to reconsider, ECF Nos. 167, 170, he filed a direct appeal, but the Fourth Circuit declined to issue a certificate of appealability and dismissed his appeal. *United States v. Trappier*, 647 F. App'x 199 (4th Cir. 2016). The Supreme Court

denied his petition for a writ of certiorari. *Trappier v. United States*, 137 S. Ct. 396 (2016).[1]

Petitioner then filed a motion in the Fourth Circuit under 28 U.S.C. § 2244 for permission to file a successive petition under § 2255, but the Fourth Circuit denied the motion. *In re: Anthony Trappier*, No. 17-110 (4th Cir. Jan. 30, 2017).

Undeterred, Petitioner filed another motion in the Fourth Circuit under 28 U.S.C. § 2244 for permission to file a successive petition under § 2255, but the Fourth Circuit again denied the motion. *In re: Anthony Trappier*, No. 17-154 (4th Cir. Mar. 6, 2017).

Petitioner filed the instant § 2255 petitions on March 24, 2017[2] and April 17, 2017,[3] in which he generally challenges his convictions and sentences. He has not received permission from the Fourth Circuit under 28 U.S.C. § 2244 to file these successive petitions.

## II. Discussion

The Court does not have jurisdiction to consider Petitioner's petitions. He has filed a previous § 2255 petition and has not obtained permission from the Fourth Circuit to file a successive petition. A successive petition must be certified as provided in § 2244 by a panel of the appropriate court of appeals to contain:

>   (1)   newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
>   (2)   a new rule of constitutional law, made retroactive to cases on collateral

---

[1] Petitioner also filed a civil suit under § 1983 and *Bivens*, which was summarily dismissed. *Trappier v. Curry*, No. 4:12-cv-02445-TLW-KDW, 2012 WL 5194338 (D.S.C. Oct. 19, 2012).

[2] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988).

[3] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988).

review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Because Petitioner has filed a previous § 2255 petition, the present petitions are successive. He has not received an order from the Fourth Circuit authorizing a successive petition. Consequently, the Court is without jurisdiction to consider them. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (noting that the petitioner must seek permission from the circuit court to file a successive petition under § 2255); *Burgess v. Warden*, No. 2:11-1621-CMC, 2011 WL 4345430, at *2 (D.S.C. Sept. 15, 2011) ("As Petitioner is no doubt well aware, prior to filing a second or successive motion under § 2255, he must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive motion. As provided in 28 U.S.C. § 2244, '[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.' 28 U.S.C. § 2244(b)(3)(A). This he has not done.").

## III. Conclusion

For these reasons, Petitioner's petitions for relief pursuant to § 2255, ECF Nos. 188 and 189, are **DENIED**. These actions are hereby **DISMISSED**.

The Court has reviewed these petitions in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right." The Court concludes that he has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in these petitions. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules

of Appellate Procedure.

      **IT IS SO ORDERED**.

                                                 *s/ Terry L. Wooten*
                                                 Terry L. Wooten
                                                 Chief United States District Judge

June 13, 2017
Columbia, South Carolina