IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Anthony Gene Trappier,<br><br>PETITIONER<br><br>v.<br><br>United States of America,<br><br>RESPONDENT | Crim. No. 4:09-cr-00340-TLW-1<br>C/A No. 4:17-cv-02311-TLW<br><br><br>**Order** |

This matter comes before the Court for consideration of the virtually identical motions filed by Petitioner Anthony Gene Trappier, both entitled "Motion to Re-Open." ECF Nos. 205, 208. Because these motions challenge his underlying conviction and sentence, the Court construes them as petitions for relief pursuant to 28 U.S.C. § 2255. For the reasons stated below, the Court dismisses the petitions.

## I.     Factual and Procedural History

Petitioner pled guilty to charges of drug conspiracy and possession of a firearm in furtherance of a drug trafficking crime, and the Court sentenced him as a career offender to 262 months on the drug charge and 60 months consecutive on the gun charge. He filed a direct appeal, but the Fourth Circuit affirmed. *United States v. Trappier*, 447 F. App'x 463 (4th Cir. 2011).

Petitioner then filed a § 2255 petition, which the Court denied on the merits after briefing. ECF Nos. 140, 162. After the Court denied his motion to reconsider, ECF Nos. 167, 170, he filed a direct appeal, but the Fourth Circuit declined to issue a certificate of appealability and dismissed his appeal. *United States v. Trappier*, 647 F. App'x 199 (4th Cir. 2016). The Supreme Court

1

denied his petition for a writ of certiorari. *Trappier v. United States*, 137 S. Ct. 396 (2016).[1]

Petitioner then filed a motion in the Fourth Circuit under 28 U.S.C. § 2244 for permission to file a successive petition under § 2255, but the Fourth Circuit denied the motion. *In re: Anthony Trappier*, No. 17-110 (4th Cir.), ECF Nos. 2, 6.

Undeterred, Petitioner filed another motion in the Fourth Circuit under 28 U.S.C. § 2244 for permission to file a successive petition under § 2255, but the Fourth Circuit again denied the motion. *In re: Anthony Trappier*, No. 17-154 (4th Cir.), ECF No. 2, 7.

Petitioner next filed motions entitled "Motion Pursuant to Rule 60(b)(2) and 60(b)(6)," ECF No. 188, and "Motion Pursuant to Rule 60(b)(6)," ECF No. 189, which the Court construed as successive § 2255 petitions and dismissed on that basis, ECF No. 191. The Fourth Circuit agreed with the Court's construal of these motions as successive petitions, denied him permission to file a successive petition, and affirmed. *Trappier v. United States*, ___ F. App'x ___, No. 17-6833, ECF No. 8 (4th Cir. Oct. 24, 2017).

Petitioner filed the instant § 2255 petitions on August 25, 2017 and October 26, 2017, in which he generally challenges his convictions and sentences. He has not received permission from the Fourth Circuit under 28 U.S.C. § 2244 to file these successive petitions.

## II. Discussion

The Court does not have jurisdiction to consider Petitioner's petitions. He has filed a previous § 2255 petition and has not obtained permission from the Fourth Circuit to file a successive petition. A successive petition must be certified as provided in § 2244 by a panel of

---

[1] Petitioner also filed a civil suit under § 1983 and *Bivens*, which was summarily dismissed. *Trappier v. Curry*, No. 4:12-cv-02445-TLW-KDW, 2012 WL 5194338 (D.S.C. Oct. 19, 2012).

the appropriate court of appeals to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Because Petitioner has filed a previous § 2255 petition, the present petitions are successive. He has not received an order from the Fourth Circuit authorizing a successive petition. Consequently, the Court is without jurisdiction to consider them. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (noting that the petitioner must seek permission from the circuit court to file a successive petition under § 2255); *Burgess v. Warden*, No. 2:11-1621-CMC, 2011 WL 4345430, at *2 (D.S.C. Sept. 15, 2011) ("As Petitioner is no doubt well aware, prior to filing a second or successive motion under § 2255, he must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive motion. As provided in 28 U.S.C. § 2244, '[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.' 28 U.S.C. § 2244(b)(3)(A). This he has not done.").

## III. Conclusion

For these reasons, Petitioner's petitions for relief pursuant to § 2255, ECF Nos. 205, 208, are **DENIED**. These actions are hereby **DISMISSED**.[2]

---

[2] To the extent these filings should be treated as actual Rule 60(b) motions, rather than successive § 2255 petitions, the Court concludes that he would not be entitled to relief. A Rule 60(b) motion must be filed "within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding," which was clearly not done here.

The Court has reviewed these petitions in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right." The Court concludes that he has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in these petitions. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

                                                          *s/ Terry L. Wooten*
                                                          Terry L. Wooten
                                                          Chief United States District Judge

November 6, 2017
Columbia, South Carolina

---

Fed. R. Civ. P. 60(c)(1); *see also Wadley v. Equifax Info. Servs., LLC*, 296 F. App'x 366, 368 (4th Cir. 2008) (concluding that an almost-two-year delay was not reasonable); *Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1177–78 (10th Cir. 2005) (affirming district court's conclusion that an almost-one-year delay was not reasonable) *McLawhorn v. John W. Daniel & Co.*, 924 F.2d 535, 538 (4th Cir. 1991) (affirming district court's conclusion that a three-month delay was not reasonable).

Furthermore, even if he had filed his motions in a timely manner, the Fourth Circuit has already dismissed his direct appeal of the order he challenges—his initial § 2255 petition—and there is no merit to his motions. *See United States v. Patel*, 879 F.2d 292, 295 (7th Cir. 1989) ("When issues patently lack merit, the reviewing court is not obliged to devote scarce judicial resources to a written discussion of them.").